UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>LEED CORPORATION,<br><br>    Debtor. | Case No. 20-40984-NGH |
| LEED CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>LINCOLN COUNTY,<br><br>    Defendant. | Adv. No. 23-08002-NGH |

## MEMORANDUM OF DECISION

Before the Court are motions to intervene in the above captioned adversary proceeding filed by four parties: Olsen Taggart PLLC (Doc. No. 11); Northside Developers, LLC (Doc. No. 18); Red Rock Capital Group, LLC (Doc. No. 19); and North Canyon Properties, LLC (Doc. No. 20). Arguments on the motions were held at a June 16, 2023, hearing, and the requests were taken under advisement. The following Decision resolves the matters.

MEMORANDUM OF DECISION - 1

**DISCUSSION AND DISPOSITION**

    A.    **Standards**

Each of the motions to intervene state that the request is made as a matter of right pursuant to Federal Rule of Bankruptcy Procedure 7024, incorporating Federal Rule of Civil Procedure 24(a)(2).[1] *See e.g.*, Doc. No. 22 at 1. Under Civil Rule 24(a)(2), the Court must permit a party to intervene if it:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Thus, intervention is appropriate if:

> (1) the applicant's motion is timely; (2) the applicant has asserted an interest relating to the property or transaction which is the subject of the action; (3) the applicant is so situated that without intervention the disposition may, as a practical matter, impair or impede its ability to protect that interest; and (4) the applicant's interest is not adequately represented by the existing parties.

*United States ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992).[2] It is the movants' burden to demonstrate all four elements are met, however, the Court construes Civil Rule 24(a)(2) liberally in favor of intervention, "guided primarily by practical and equitable considerations." *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003).

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] Beyond stating the grounds for intervention, Civil Rule 24 requires a motion to intervene to be "accompanied by a pleading that sets out the claim or defense for which intervention is sought." Civil Rule 24(e). Here, the motions were not accompanied by such pleadings and could be denied based on that omission. However, the Court concludes the motions should be analyzed on their merits as it appears clear that all the intervening parties align with the plaintiff.

MEMORANDUM OF DECISION - 2

In determining if a motion to intervene is timely, the Court must review the stage of the litigation, any prejudice to the existing parties, and the reason for any delay in bringing the motion. *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996). Next, the protectable interest and impairment elements are often analyzed together as they are interrelated. "The requirement of a significantly protectable interest is generally satisfied when 'the interest is protectable under some law, and [ ] there is a relationship between the legally protected interest and the claims at issue.'" *Arakaki*, 324 F.3d at 1084 (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993)). "[A] party has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006); *see also United States v. Alisal Water Corp.,* 370 F.3d 915, 919 (9th Cir. 2004). "Although the intervenor cannot rely on an interest that is wholly remote and speculative, the intervention may be based on an interest that is contingent upon the outcome of the litigation." *United States v. Union Elec. Co.*, 64 F.3d 1152, 1162 (8th Cir. 1995); *City of Emeryville v. Robinson*, 621 F.3d 1251, 1259 (9th Cir. 2010).

Finally, a proposed intervenor bears the burden to show inadequate representation, however, the required showing is minimal. *Arakaki*, 324 F.3d at 1086. The Ninth Circuit looks to three factors to determine the adequacy of the representation: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to

MEMORANDUM OF DECISION - 3

the proceeding that other parties would neglect." *United States v. Idaho*, 2023 WL 2479954, at *4 (D. Idaho Mar. 13, 2023).

    B.    **Application to the Facts**

Here, there is no dispute that the movants' motions are timely, thus the Court will focus on whether the movants adequately demonstrated they have an interest relating to the property or transaction at issue under the operative complaint, whether the resolution of the litigation would impair or impede their ability to protect their interests, and whether those interests are adequately represented by the existing parties.

The Leed Corporation ("Debtor") filed an amended complaint against Lincoln County ("County") asserting claims for (1) contempt and sanctions based on the County's alleged willful interference with Debtor's confirmed plan in its 2020 bankruptcy case by "placing a cloud on title" of the Green Cut Subdivision; (2) breach of contract based on alleged violations of a settlement agreement from Debtor's 2010 bankruptcy case and a 2021 development agreement due to the County raising zoning issues with the Green Cut Subdivision, (3) tortious interference of contract by the County in demanding compliance with its zoning regulations given a contract for the sale of the Green Cut Subdivision that required the County to rescind its request for common areas under its zoning ordinances and the County's failure to so act, and (4) declaratory relief based on the assertion that "Plaintiff is entitled to a declaratory judgment regarding the rights, status and legal relations with the County relative to the 2021 Development Agreement, Bankruptcy Plans, County Stipulation, and approved and recorded plats." Doc. No. 3 at 13.

MEMORANDUM OF DECISION - 4

Olsen Taggart, PLLC, is a successor in interest to the law firm that served as Debtor's counsel in its 2010 bankruptcy case. Olsen Taggart filed a claim in Debtor's 2020 bankruptcy case asserting a lien in all of Debtor's real property located in Lincoln County, and as part of plan confirmation in the 2020 bankruptcy case, Olsen Taggart was awarded a 72.6% distribution from the net sale proceeds of any such property, including the property making up the Green Cut Subdivision that is at issue in this adversary proceeding. As such, Olsen Taggart asserts it has an interest in property at issue. Similarly, Northside Developers, LLC asserts it has an interest in the litigation as it is Debtor's successor and the owner of the property located in the Green Cut Subdivision at issue. Doc. No. 18 at 3. North Canyon Properties, LLC, then asserts that because it owns half of Northside Developers, LLC, it also has financial interest in the property at issue. Doc. No. 20 at 3. Finally, Red Rock Capital Group, LLC, asserts that it holds a first mortgage on the property in the Green Cut Subdivision and thus has a direct financial interest in the property at issue. Doc. No. 19 at 3.

Thus, all the proposed intervening parties claim an interest in the property at issue under the contract and zoning disputes either through ownership rights or secured positions. Those interests may be impaired as a result of the pending litigation. As such, the intervenors have demonstrated the second and third elements for intervention.

However, proposed intervenors are required to show that Debtor, as the existing party to the litigation, would not adequately represent the intervenors' rights and interests. The Court does not find the proposed intervenors have satisfied that burden. In reviewing the amended complaint and the motions to intervene, it appears the proposed

MEMORANDUM OF DECISION - 5

intervenors interests align with Debtor's interests. They share the same ultimate objectives: to facilitate the sale of the Green Cut Subdivision for the highest amount possible, to obtain damages from the County if appropriate to make Debtor and thus Debtor's creditors whole, and to require the County to adjust its zoning rules to best accomplish those goals. The intervenors argue they will bring a "unique" perspective to these goals, but the Court does not find the perspective particularly unique or distinct from Debtor's interests, arguments, and intentions in this litigation. In short, Debtor will make the intervenor's arguments and appears capable and willing to do so. The proposed intervenors did not demonstrate otherwise. Moreover, the proposed intervenors do not appear to offer anything to the litigation that Debtor would neglect. As such, the Court finds the proposed intervenors cannot intervene as of right under Civil Rule 24(a)(2).

**CONCLUSION**

After considering the amended complaint, the applications to intervene, and the arguments of the parties, the Court concludes the applications to intervene will be denied and will enter an order consistent with this Decision.

DATED: September 7, 2023



_____
NOAH G. HILLEN
U.S. Bankruptcy Judge